IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES KEN ANDERSON                                            PLAINTIFF

         v.                    Civil No. 6:12-cv-6117

RAY HOBBS, Director of the
Arkansas Department of Correction;
WENDY KELLY; LARRY MAY;
WARDEN MARSHAL DALE REED;
MIKE LITTLETON, Maintenance Work
Supervisor; ERIC FAIN, Work Supervisor;
and DR. GREGORY SCOTT McKINNEY,
Corizon Medical Service                                      DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, James K. Anderson, an inmate of the Tucker Unit of the Arkansas Department of Correction (ADC), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, the Rehabilitation Act, and the Americans with Disabilities Act. Plaintiff was granted leave to proceed *in forma pauperis* (IFP)(ECF No. 3). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2013), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. Currently before me for consideration are Defendants' motions (ECF Nos. 28 & 55) to dismiss asking the Court to revoke Plaintiff's IFP status.

**I. Discussion**

As part of the Prison Litigation Reform Act (PLRA), section 1915, which governs proceedings filed IFP, was amended in an effort to address concerns about, and reduce the number of, frivolous prisoner initiated lawsuits. 28 U.S.C. § 1915. Prior to the PLRA's amendments to § 1915, a prisoner who attained IFP status was exempted from paying court fees. After the enactment of the PLRA,

prisoners granted IFP status are required to pay the full filing fee but in installments. 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or failure to state a claim, to obtain IFP status. Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision has commonly become known as the "three strikes rule" or the "three strikes provision" and has withstood constitutional challenges. *See e.g., Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

In their motion, Defendants maintain that Plaintiff has at least three previous actions, in the Eastern and Western Districts of Arkansas, that qualify as strikes against him under section 1915(g). I agree. *See e.g., Anderson v. Byus, et al.*, 5:02-cv-00189 (E.D. Ark.)(dismissal November 15, 2002, noting it constituted a strike)*;Anderson v. Langley*, 4:02-cv-04068 (W.D. Ark.) (dismissed for failure to state a claim and frivolous claims on 9/17/2002); *Anderson v. Johnson, et al.,* 4:99- cv-04050 (W.D. Ark. )(ifp revoked and case dismissed on 6/30/1999)*; Anderson v. Arkansas Department of Correction*, 4:97-cv-4116 (W.D. Ark.)(dismissed 9/15/1997 for failure to state a claim and frivolous claims) *Anderson v. Texarkana Regional Correctional Center, et al.,* No. 4:97-cv-4021 (W.D. Ark.)(dismissed 4/22/1997 for failure to state a claim and frivolous claims).

He has also been denied IFP status by virtue of the three strikes provision in a number of cases. *See e.g., Anderson v. Huckabee, et al.,* 1:04-cv-00017 (E.D. Ark.)(dismissed March 1, 2004 no showing of imminent physical danger); *Anderson v. Langley*, 4:03-cv-00267 (E.D. Ark.)(dismissed

4/25/2003); *Anderson v. Langley*, No. 03-2450 (8th Cir. July 24, 2003)(affirmed three strike dismissal in 4:03-cv-00267).

Clearly, Plaintiff has accumulated more than three strikes. I must now turn to the question of whether Plaintiff is under imminent danger of serious physical injury. In the complaint, Plaintiff alleges that Defendants acted with deliberated indifference to his medical needs and discriminated against him in violation of the Rehabilitation Act and the Americans with Disabilities Act.

He names the following ADC Defendants: Ray Hobbs, Director of the ADC; Benny Magness, Chairman of the Board of Correction; Wendy Kelley, Medical Director for Health and Correctional Programs for the ADC; Larry May, Deputy Director of the ADC; Marshall Dale Reed, Warden of the Ouachita River Correctional Unit; and Mike Littleton, Construction/Maintenance Work Supervisor at the Ouachita River Correctional Unit.

He names the following medical Defendants: Dr. Rene Fallhoe, employed by Corizon; Dr. Michael Persons, employed by Corizon; Dr. Gregory Scott McKinney, Corizon Medical Director at the Ouachita River Correctional Unit of the ADC; Dr. Floss, Regional Administrator for Corizon; and Corizon/Correctional Medical Services.

Here, Plaintiff has alleged that he has serious medical conditions including hepatitis C, metastatic cancer, methicillin resistant staphylococcus aureus (MRSA) bacterial infection, and a failed knee replacement for which revision surgery is needed. He maintains that he is not receiving appropriate medical treatment for these conditions that could result in his death. He maintains that orders for medical treatment have been fraudulently concealed. Further, he alleges that he is being subjected to potentially hazardous chemicals including polyurethane, lacquer, lacquer thinners, and solvents.

Plaintiff has clearly alleged sufficient facts to indicate that he is under imminent danger of

serious physical injury. *See Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (finding allegations of ongoing danger sufficient where prisoner specified two incidents where he had suffered harm and allegations were supported by documentary evidence, including corroborative prisoner disciplinary reports). Therefore, Plaintiff is eligible for IFP status.

## II. Conclusion

Accordingly, I recommend that Defendants' motions to dismiss (ECF Nos. 28 & 55) be denied.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 31st day of October 2013.

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE