IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


JAMES KEN ANDERSON                                                                      PLAINTIFF

V.                                      CIVIL NO. 6:12-cv-6117

RAY HOBBS, et al.                                                                      DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed October 31, 2013, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 72). Judge Bryant recommends that Defendants' Motions to Dismiss (ECF Nos. 28 & 55)[1] be denied. On November 14, 2013, Defendants[2] filed objections to Judge Bryant's Report and Recommendation. (ECF No. 76). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

On October 12, 2012, Plaintiff James Ken Anderson ("Anderson"), an inmate housed at the Tucker Unit of the Arkansas Department of Correction (ADC), initiated this action *pro se* pursuant to 42 U.S.C. § 1983, as well as the Rehabilitation Act and the Americans with Disabilities Act. On October 12, 2012, the Court granted Anderson's application to proceed in forma pauperis (IFP).

---

[1]The Defendants in this case are divided into two groups: the Arkansas Department of Correction Defendants and the Corizon Medical Defendants. The Arkansas Department of Correction Defendants first filed a Motion to Dismiss. (ECF No. 28). The Corizon Medical Defendants then adopted and incorporated by reference the Arkansas Department of Correction Defendants' Motion to Dismiss. (ECF No. 55). Thus, both motions set forth the same argument.

[2]The Arkansas Department of Correction Defendants filed objections. The Corizon Medical Defendants did not file objections.

In his Complaint and Amended Complaint, Anderson alleges he is in imminent danger of serious physical injury because his knee implant is defective and his Hepatitis C, metastatic cancer, and methicillin resistant staphylococcus aureus (MRSA) are not being treated effectively. Anderson additionally claims he is being subjected to potentially hazardous chemicals including polyurethane, lacquer, lacquer thinners, and solvents. In response to Anderson's allegations, Defendants filed Motions to Dismiss. In their Motions to Dismiss, Defendants argue that the Court should prohibit Anderson from proceeding IFP pursuant to 28 U.S.C. § 1915(g) because Anderson has accumulated three strikes. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Upon consideration of Defendants' Motions to Dismiss, Judge Bryant recommends that this Court deny them. Judge Bryant reasons that even though Anderson has accumulated three strikes, his Complaint and Amended Complaint sufficiently allege facts that indicate he is under imminent danger of serious physical injury.

Defendants now object to the Report and Recommendation because they assert Judge Bryant did not consider documentary evidence that negates Anderson's assertion about his health. The documentary evidence that Defendants' reference in their objections are medical records attached to Anderson's Complaint (ECF No. 1) and medical records attached to Defendants' Response in Opposition to Anderson's Motion for a Preliminary Injunction and Temporary Restraining Order. (ECF No. 74-1). Defendants assert that if Judge Bryant would

have considered all of the records, he would have discovered that Anderson's claims are unsubstantiated.

The Court finds Defendants' argument is without merit. While the medical records attached to Anderson's Complaint may contradict some of his claims, Defendants expect Judge Bryant to have read the records in Anderson's Complaint in conjunction with the records in their Response.  However, Defendants filed their Response on November 8, 2013, more than a week after Judge Bryant filed his Report and Recommendation.  Thus, Judge Bryant could not have considered the documentary evidence when considering Defendants' Motions to Dismiss because the Response had not yet been filed.  Therefore, Defendants' objection that Judge Bryant should have considered these documents is without merit.[3]

For the reasons set forth above, the Court overrules Defendants' objections and adopts Judge Bryant's Report and Recommendation.  (ECF No. 72).  Accordingly, Defendants' Motions to Dismiss (ECF Nos. 28 & 55) are **DENIED**.

**IT IS SO ORDERED**, this 31st day of March, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[3] The Court also notes that the medical records attached to the Response are likely matters outside the pleadings, and "[w]hen ruling on a motion dismiss under Rule 12(b)(6)[], a district court generally may not consider materials outside the pleadings." *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008).