IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES KEN ANDERSON                                                          PLAINTIFF

         v.                     Civil No. 6:12-cv-6117

RAY HOBBS, Director of the
Arkansas Department of Correction;
WENDY KELLY; LARRY MAY;
WARDEN MARSHAL DALE REED;
MIKE LITTLETON, Maintenance Work
Supervisor; ERIC FAIN, Work Supervisor;
and DR. GREGORY SCOTT McKINNEY,
Corizon Medical Service                                          DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, James K. Anderson, an inmate of the Tucker Unit of the Arkansas Department of Correction (ADC), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, the Rehabilitation Act, and the Americans with Disabilities Act. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2009), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. Plaintiff was initially granted *in forma pauperis* (IFP) status. For the reasons stated below, the I recommend the Court find such status was improvidently granted, and this case be dismissed in its entirety unless Plaintiff pays the full filing fee with in ten (10) days.

**I. Introduction**

After initial screening by the undersigned, Plaintiff was initially granted leave to proceed IFP. (ECF No. 3). Thereafter, the Defendants filed two motions (ECF Nos. 28 & 55) to dismiss, both asking the Court to revoke Plaintiff's IFP status, pursuant to the Prison Litigation Reform Act (PLRA), Section 1915, which governs proceedings filed IFP. Defendants claimed Plaintiff had previously filed

more than three frivolous law suits. On October 13, 2013, I entered a Report and Recommendation recommending denial of the motions to dismiss and finding Plaintiff had "alleged sufficient facts to indicate that he is under imminent danger of serious physical injury" and was thus entitled to IFP status despite his having previously filed several frivolous complaints. Judge Hickey adopted this recommendation and denied the motions to dismiss. This litigation has proceeded and now pending before the Court are two Motions for Preliminary Injunction (ECF Nos. 70 and 77) along with several other motions, filed by Plaintiff. Upon review the complaint, amended complaint and the other pleadings filed in this case subsequent to the Plaintiff being granted IFP status, the Court finds Plaintiff's IFP status was improvidently granted.

## II. Plaintiff's Past filings

Plaintiff has at least three previous cases, in the Eastern and Western Districts of Arkansas, which were dismissed as frivolous for purposes of § 1915. These cases are:

- *Anderson v. Byus, et al.*, 5:02-cv-00189 (E.D. Ark.)(dismissal November 15, 2002, noting it constituted a strike)

- *Anderson v. Langley*, 4:02-cv-04068 (W.D. Ark.)(dismissed for failure to state a claim and frivolous claims on 9/17/2002);

-*Anderson v. Johnson*, *et al.,* 4:99- cv-04050 (W.D. Ark.)(ifp revoked and case dismissed on 6/30/1999)*;*

-*Anderson v. Arkansas Department of Correction*, 4:97-cv-4116 (W.D. Ark.)(dismissed 9/15/1997 for failure to state a claim and frivolous claims)*;*and

-*Anderson v. Texarkana Regional Correctional Center, et al.,* No. 4:97-cv-4021 (W.D. Ark.)(dismissed 4/22/1997 for failure to state a claim and frivolous claims).

He has also been denied IFP status by virtue of the three strikes provision of § 1915 in a number of other cases.

- *Anderson v. Huckabee, et al.,* 1:04-cv-00017 (E.D. Ark.)(dismissed March 1, 2004 no showing of imminent physical danger);

    - *Anderson v. Langley*, 4:03-cv-00267 (E.D. Ark.)(dismissed 4/25/2003);

    - *Anderson v. Langley*, No. 03-2450 (8th Cir. July 24, 2003)(affirmed three strike dismissal in 4:03-cv-00267).

Additionally, he has filed the following civil rights actions, all of which were dismissed well prior to any trial on the merits:

    - *Anderson v. Texarkana Reg. Rehab, et al*, No. 4:94-cv-4002 (W.D. Ark.)(§ 1983 action dismissed with prejudice following an evidentiary hearing);

    - *Anderson v. Norris*, No. 4:95-cv-4015 (W.D. Ark.)(§ 1983 action dismissed with prejudice on Plaintiff's motion);

    - *Anderson v. Norris*, No. 4:95-cv-4019 (W.D. Ark.)(§ 1983 action dismissed without prejudice as result of Plaintiff not following order of court);

    - *Anderson v. Tucker*, No. 4:96-cv-4067 (W.D. Ark.)(§ 1983 action dismissed with prejudice);

    - *Anderson v. Norris*, No. 4:96-4070 (W.D. Ark.)(§ 1983 action dismissed without prejudice on Plaintiff's motion); and

    - *Anderson v. Ark. Dept. of Corrections*, No. 4:96-cv-4092 (W.D. Ark.)(Americans with Disabilities Act case dismissed with prejudice on Plaintiff's motion).

### III. Discussion

As part of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, which governs proceedings filed IFP, was amended in an effort to address concerns about, and reduce the number of, frivolous prisoner initiated lawsuits. Prior to the PLRA's amendments to § 1915, a prisoner who attained IFP status was exempted from paying court fees. After the enactment of the PLRA, prisoners granted IFP status are required to pay the full filing fee but in installments. 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failure to state a claim, to obtain IFP status. Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury*.

28 U.S.C. § 1915(g)(emphasis added). This provision has commonly become known as the "three strikes rule" or the "three strikes provision" and has withstood constitutional challenges. *See e.g., Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

Clearly, Plaintiff has accumulated more than three strikes. I originally recommended, based on the allegations of Plaintiff's Complaint, that he be allowed to proceed IFP because he claimed imminent danger of physical harm. In the Complaint, Plaintiff alleges Defendants acted with deliberated indifference to his medical needs and discriminated against him in violation of the Rehabilitation Act and the Americans with Disabilities Act. Specifically, he alleged he has serious medical conditions including hepatitis C, metastatic cancer, methicillin resistant staphylococcus aureus (MRSA) bacterial infection, and a failed knee replacement for which revision surgery is needed. He maintains he is not receiving appropriate medical treatment for these conditions, and they could result in his death. He maintains that orders for medical treatment have been fraudulently concealed. Further, he alleges that he is being subjected to potentially hazardous chemicals including polyurethane, lacquer, lacquer thinners, and solvents.

At the initial review of the Complaint, Plaintiff had clearly *alleged* sufficient facts to indicate he was under imminent danger of serious physical injury. *See Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (finding allegations of ongoing danger sufficient where prisoner specified two incidents where he had suffered harm and allegations were supported by documentary evidence, including corroborative prisoner disciplinary reports). However, subsequent to that initial screening, it has become equally clear, that Plaintiff has never, in fact, been in "imminent danger of serious physical

injury."

Plaintiff's alleged threat of imminent danger arises from the medical conditions noted above. The pleadings and exhibits attached to the pleadings subsequently filed in this matter clearly show he is not now and has never been in "imminent danger of serious physical injury." Further, additional review of his Complaint and its attachments show the "imminent danger of serious physical injury" claimed was merely conclusory in nature. He did not state in the Complaint or any of his subsequent filings in this case what, if any, actual imminent physical danger he was in.

For example, Plaintiff claims, in his Compliant, he is in imminent danger of serious physical injury because his knee implant is defective and his Hepatitis B and C, as well as splenomegaly, are not being treated. The responses to grievances he filed, attached to various pleadings show, however, that the knee implant was not recalled, his blood tests that revealed his liver functions were normal, and he was asymptomatic for adverse conditions from splenomegaly. *See* ECF No. 1, Complaint and attached exhibits. While all of these can be serious medical conditions, they are not conditions which show *imminent danger* of physical harm.

In his more recently filed motions for injunctive relief, Plaintiff seeks injunctive relief and again alleges a defective knee implant, hepatitis, and cancer, as reason for being at risk of irreparable harm. He offers no evidence or exhibits showing the immediate danger of irreparable harm in any of the conditions, rather he makes conclusory statements. In response to these claims, Defendants offer a wide variety of medical records. ECF No. 74-1. As those records, note, Plaintiff has refused to be receptive to any medical information provided him by Defendants. X-rays of his left knee show no evidence of any hardware failure or loosening. Defendants have in-house hepatitis physicians who treat inmates with hepatitis. Plaintiff was evaluated for prostate cancer and did not even need drug

therapy, much less immediate care to prevent some imminent or irreparable harm. CT scans show no cancer metastasis at all. In short, Plaintiff is in no immediate or imminent danger.

Plaintiff has also sought discovery regarding possible products liability claims. ECF No. 75. He seeks to supplement his Complaint alleging he was moved within the prison system to avoid this Court's jurisdiction, that his medical records were "seized" and he was placed in dangerous working and housing situations. ECF No. 81. He seeks to amend his complaint alleging his personal property was seized. ECF No. 83. He seeks to join additional defendants for a products liability claim. ECF Nos. 85 and 107. He has filed various motions related to discovery seeking medical records (three motions), and a physical examination for himself (three motions). None of these motions have any relation at all to a claim of imminent danger of serious physical harm.

*In forma pauperis* status is a privilege granted by the federal courts; it is not a right. *See Camp v. Oliver*, 798 F.2d 434 (11th Cir.1986). Because IFP status is a privilege, it follows that the privilege may be revoked when the goals of § 1915 are not being furthered. "Under 28 U.S.C. § 1915, the decision whether to grant or deny *in forma pauperis* status is within the sound discretion of the trial court." *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983).

In short, the Court improvidently granted Plaintiff IFP status at the beginning of this lawsuit. Further, the undersigned's prior recommendation to deny Defendant's Motion to Revoke IFP status was likewise improvident. A subsequent review of the Complaint(s) and all other pleadings filed in this matter by Plaintiff clearly show he was not at the time of the filing of this litigation, nor is he now under "imminent danger of serious physical injury." Plaintiff is a litigious prisoner who has great experience with § 1915's requirements. He has essentially attempted to game the system in this case to avoid the consequences of his many previous frivolous lawsuits.  His IFP status should be

**REVOKED**.

## IV. Conclusion

Accordingly, I recommend Plaintiff's *in forma pauperis* status be **REVOKED** as having been improvidently granted, and that Plaintiff be given ten (10) days from the date of the Court's order adopting this recommendation in which to pay the Court's filing fee of $400 (the fee applicable at the time of filing), if Plaintiff fails to pay the filing fee, within ten (10) days, the case should be **DISMISSED** with prejudice. It is further recommended that the Court certify in writing, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from the Court's final judgment in this action would not be taken in good faith.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **13th day of August 2014.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE